UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAIRE LOUP, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-01207** |
| **LUMBER LIQUIDATORS, INC., ET AL** | **SECTION "L" (5)** |

## ORDER & REASONS

Before this Court is Defendant's Motion to Stay Pending MDL Determination. (Rec. Doc. 3). Having read the parties' briefs and reviewed the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

On April 16, 2015 Plaintiff Claire Loup ("Loup") filed an action for redhibition and damages against Defendant Lumber Liquidators, Inc. (along with co-defendant installers) alleging that flooring purchased for her home began to buckle three weeks after installation because the floor boards would not adhere to the surface to which it was applied. (Rec. Doc. 1-3 at 2-3). Loup alleges that that Lumber Liquidators, Inc. ("LLI") knew of the defect and knew of Loup's intended use for the flooring. Id. at 2. In addition, Loup alleges that the flooring contained "dangerously high levels of formaldehyde." Id. at 3. LLI answered denying the allegations that their product was defective. Id. at 27-29.

### II. PRESENT MOTION (Rec. Docs. 3, 4, & 7)

LLI filed a motion to stay the proceedings pending the MDL panel's decision of whether to transfer the case, arguing that having to defend the same issues in multiple fora would cause them hardship. (Rec. Doc. 3). Loup's motion in opposition states that it is not clear that her

claims are included in the scope of the proposed MDL and that she has pending discovery that is "critical to her ability to identify and serve other defendants." (Rec. Doc. 4 at 1). LLI filed a reply noting that out of 100 similar lawsuits, no other plaintiff has opposed the transfer and consolidation and that the MDL panel is set to make its decision "in the next few weeks." (Rec. Doc. 7). In addition, LLI states that 67 other courts have granted them additional time pending the MDL panel decision. Id. at 3.

### III.  LAW AND ANALYSIS

District courts have broad discretion to stay proceedings as an incident to their power to control their own dockets. Clinton v. Jones, 520 U.S. 681, 706 (1997). "[J]udicial economy is undoubtedly well-served by MDL consolidation when scores of similar cases are pending in the courts." Eldon E. Fallon et. al., Bellwether Trials in Multidistrict Litigation, 82 Tul. L. Rev. 2323, 2330 (2008). When deciding whether to grant a stay, courts in the Eastern District generally use a balancing approach, weighing the competing interests and hardships. Brannon v. BP Am. Prod. Co., No. H-11-4055, 2012 U.S. Dist. LEXIS 3139, at *3 (S.D. Tex. Jan. 11, 2012).

There are three factors are to be considered when determining whether to grant a stay: "(1) the judicial efficiencies in avoiding duplicative litigation; (2) the potential prejudice to a non-moving party; and (3) the hardship to the moving party if the action is not stayed." Mathis v. Bristol-Myers Squibb, Co., No. CIV.A. 03-0308, 2003 WL 1193668, at *1 (E.D. La. Mar. 12, 2003). For example, the court in Brannon found that granting a stay of "no more than a few months" would not greatly prejudice the plaintiffs and that allowing litigation to continue would create a "significant risk of inconsistent pretrial rulings by different courts." 2012 U.S. Dist. LEXIS 3139, at *3. In addition, the court found that consolidating the cases would save time and expense by the judiciary and the parties. Id. at *3-4. See also Trahan v. BP, No. CIV.A. H-10-3198, 2010 WL 4065602, at *2 (S.D. Tex. Oct. 15, 2010) (noting that the "savings in time and

expense to the judiciary and the parties will clearly be enormous if the hundreds of related cases are consolidated in a single MDL proceeding").

This Court is of the opinion that it is probable that Loup's claim does in fact fall within the proposed MDL and that granting a short stay is unlikely to prejudice her case or cause her undue hardship. In contrast, denying the stay creates the risk of inconsistent pretrial rulings which could greatly burden LLI. Additionally, granting the stay is in the interest of judicial economy.

### IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that LLI's Motion to Stay Pending MDL Determination (Rec. Doc. 3) is **GRANTED**, and this matter is hereby **STAYED** and **CLOSED** for administrative purposes for sixty (60) days.

New Orleans, Louisiana this 29th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE