

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS CHINESE MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-02627 (AJT/TRJ) |
| This Document Relates to: Loup v. Lumber Liquidators, Inc. et al., No. 2:15-cv-01207-EEF-MBN (E.D. La.) No. 1:15-cv-02733 (E.D. Va.) | |

## **PLAINTIFFS' FIRST AMENDED COMPLAINT**

The First Supplemental and Amending Petition for Damages of Claire Loup, a person of the full age of majority and a resident of the State of Louisiana, Parish of Jefferson, is hereby amended to read as follows:

**1.**

Made Plaintiffs herein are:

(a)   Claire Loup, and

(b)   Robert "Bob" and Louann Rounds, persons of the full age of majority and residents of the State of Louisiana, Parish of Jefferson.

**2.**

The following parties are made defendants:

(a) Lumber Liquidators, Incorporated (hereinafter "Lumber Liquidators"), a Delaware corporation doing business in the State of Louisiana and the Parish of Jefferson;

(b) Boucher Construction and Renovation, L.L.C. (hereinafter "Boucher"), a Louisiana limited liability company with its principal place of business in the State of Louisiana and the Parish of St. Tammany;

(c) Fernando Paladino, a person of the full age of majority and upon information and belief, a resident of the State of Louisiana, Parish of Jefferson. Boucher and Fernando are sometimes collectively referred to as the "Installer Defendants;"

(d) Charles Oliver, who on information and belief is a resident of Jefferson Parish, Louisiana.

### 3.

Venue is proper in this parish because the defective material was sold and improperly installed in this judicial district.

### **Plaintiff, Claire Loup**

### 4.

In September 2013, Ms. Loup ordered Bellawood flooring from defendant, Lumber Liquidators, to be installed in her home located at 3750 Bauvais Street, Metairie, Louisiana.

5.

Ms. Loup contracted with the Installer Defendants for the installation of the flooring, and the flooring installation took place on September 20-21, 2013.

6.

Approximately three weeks after the installation, in mid-October, the floor began buckling and separating from the surface to which it was applied.

7.

The flooring in question was defective and contained redhibitory defects under Louisiana law; that is, the flooring was unfit for its intended purpose, and Ms. Loup would not have purchased it had she known of the defect.

8.

Further, the flooring sold to Ms. Loup was unfit for Ms. Loup's particular purpose for buying it. Ms. Loup relied on the skill and judgment of the seller, Lumber Liquidators, in selecting the flooring, and Lumber Liquidators knew of the use Ms. Loup intended for the flooring.

9.

Specifically, the flooring was defective in that it would not properly adhere to the surface to which it was applied. Lumber Liquidators was aware of numerous instances of this type of flooring buckling and separating from the surface to which it was applied.

10.

Upon information and belief, Bellawood flooring is a proprietary brand name of Lumber Liquidators.

11.

Upon information and belief, Bellawood flooring, of the type purchased by Ms. Loup, contains a dangerously high level of formaldehyde, making it unsuitable for use in a residence.

12.

Lumber Liquidators was aware of the above-described defects in the Bellawood flooring at the time that Ms. Loup purchased the flooring for her home and, therefore, is a bad faith seller under Louisiana law.

13.

The Installer Defendants installed the flooring that Ms. Loup purchased in an improper manner, contributing to the failure of the flooring when it buckled and separated from the surface on which it was installed.

14.

Ms. Loup is entitled to a return of the purchase price of the flooring, all expenses incidental to the sale, such as installation expenses, and is further entitled to damages for inconvenience and distress. Ms. Loup is also entitled to attorney's fees.

## Plaintiffs, Robert "Bob" and Louann Rounds

**15.**

In March 2013, the Rounds purchased an engineered hardwood floor from Lumber Liquidators. Very soon after installation, the floor began bowing and pulling away from the sub-floor.

**16.**

Lumber Liquidators agreed to have the floor replaced, and it was reinstalled in April 2014.

**17.**

By June 1, 2014, the floor was again separating from the sub-floor and popping up.

**18.**

The flooring in question was defective and contained redhibitory defects under Louisiana law; that is, the flooring was unfit for its intended purpose, and the Rounds would not have purchased it had they known of the defect.

**19.**

Further, the flooring sold to the Rounds was unfit for the Rounds' particular purpose for buying it. The Rounds relied on the skill and judgment of the seller, Lumber Liquidators, in selecting the flooring, and Lumber Liquidators knew of the use the Rounds intended for the flooring.

20.

Specifically, the flooring was defective in that it would not properly adhere to the surface to which it was applied. Lumber Liquidators was aware of numerous instances of this type of flooring buckling and separating from the surface to which it was applied.

21.

Upon information and belief, flooring of the type purchased by the Rounds contains a dangerously high level of formaldehyde, making it unsuitable for use in a residence.

22.

Lumber Liquidators was aware of the above-described defects in the flooring at the time that the Rounds purchased the flooring for their home and, therefore, is a bad faith seller under Louisiana law.

23.

Charles Oliver installed the flooring that the Rounds purchased in an improper manner, contributing to the failure of the flooring when it buckled and separated from the surface on which it was installed.

24.

The Rounds are entitled to a return of the purchase price of the flooring, all expenses incidental to the sale, such as installation expenses, and are further entitled to damages for inconvenience and distress. The Rounds are also entitled to attorney's fees.

**WHEREFORE,** plaintiffs pray that Defendants be cited to appear and, after due proceedings be had, that there be judgment in favor of Plaintiffs against Defendants in an

amount sufficient to compensate Plaintiffs for the damages set out above, the expenses set out above, for attorneys' fees, for interest, for all costs of this action, and for all other general and equitable relief.

Respectfully submitted,

_____
JENNIFER N. WILLIS (*Pro Hac Vice*)
jenniferwblaw@bellsouth.net
WILLIAM P. BUCKLEY (*Pro Hac Vice*)
bill@willisbuckley.com
JENNIFER S. MARTINEZ (*Pro Hac Vice*)
jenniferm@willisbuckley.com
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-6301
Facsimile: (504) 488-6302


And

GARY J. GAMBEL (*Pro Hac Vice*)
ggambel@mrsnola.com
MICHAEL D. LETOURNEAU (Pro Hac Vice)
mletourneau@mrsnola.com
MURPHY, ROGERS, SLOSS,
 GAMBEL & TOMPKINS
701 Poydras Street, Suite 400
New Orleans, Louisiana 70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2015, a copy of the foregoing Amended Complaint was mailed to the Clerk of Court, Eastern District of Virginia and e-mailed to Diane Flannery. A notice of this filing will be sent by operation of the Court's electronic filing system.

_____
Jennifer N. Willis